UNITED STATES DISTRICT COURT      05cv763rul

DISTRICT OF CONNECTICUT

MECCA ALLAH SHAKUR            :
                              :           PRISONER
    v.                        :  Case No.  3:05CV763(HBF)
                              :
JAMES DZURENDA, et al.        :

RULING AND ORDER

Plaintiff Mecca Allah Shakur ("Shakur"), currently incarcerated at MacDougall-Walker Correctional Institution, in Suffield, Connecticut, brings this civil rights action pro se pursuant to 28 U.S.C. § 1915.  He names as defendants Warden Dzurenda, Major Quiros and Major Hall.  Shakur challenges the availability of recreation for general population inmates at Cheshire Correctional Institution.  Defendants have filed a motion for summary judgment.  For the reasons that follow, defendants' motion is granted.

I.   Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).  A court

must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact....'"  Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted).  A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992).

II.  Facts and Procedural Background[1]

In March 2004, Shakur was transferred to Cheshire Correctional Institution and confined in general population. Shortly after his arrival, Shakur wrote to defendant Dzurenda complaining that inmates in general population were afforded 3½ to 4 hours of recreation per week while inmates in the restrictive housing units were afforded 5 hours of recreation per week.  Defendant Quiros responded to the letter and informed Shakur that the matter had been referred to defendant Hall who was responsible for overseeing recreation at the facility.

On October 29, 2004, Shakur filed a federal lawsuit, Shakur v. Dzurenda, et al., 3:04cv1835 (WIG), in which he challenged the

---

[1] The facts are taken from defendants' Local Rule 56 Statement [doc. #26-2] with attached exhibits, Shakur's Local Rule 56 Statement [doc. #34-1] and the exhibits provided by Shakur [doc. #32] in opposition to defendants' motion.

2

constitutionality of the differing amounts of recreation time. The case was dismissed on March 30, 2005, when Shakur failed to return service documents, but was reopened on April 13, 2005.

On May 11, 2005, Shakur commenced this action.  The defendants are the same as in the prior suit.  Here, Shakur challenges the disparity in recreation time between general population and restricted housing inmates as violating his Eighth Amendment right to be free from cruel and unusual punishment, the same claim raised in the prior suit, and his right to equal protection.  In June 2006, Shakur filed an objection to defendants' motion for extension of time in which he acknowledges that this case is a duplicate of the prior action.  (See Doc. #22.)

III. Discussion

Defendants move for summary judgment on six grounds:  (1) the recreation time afforded general population inmates does not violate the Eighth Amendment prohibition against cruel and unusual punishment, (2) defendants have not violated the Equal Protection Clause, (3) the complaint should be dismissed under the prior pending action doctrine, (4) defendant Hall was not personally involved in the incidents underlying the complaint, (5) the Eleventh Amendment precluded any claims for damages against defendants in their official capacities and (6) defendants are protected by qualified immunity.  The court first

considers defendants' claim that the 2004 case is a prior pending action.

A district court enjoys substantial discretion to manage its docket efficiently to avoid duplicate litigation. A plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000). Thus, a court may dismiss an action when a prior pending action has been filed as long as the "controlling issues in the dismissed action will be determined in the other lawsuit." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1360, at 442 (2d ed. 1990). The purpose of this rule is "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments...." Colortyme Financial Servs., Inc. v. Kivalina Corp., 940 F. Supp. 269, 272 (D. Haw. 1996) (internal quotation marks and citations omitted).

The general rule is that the first suit to be filed should have priority "absent the showing of balance of convenience in favor of the second action." Adam v. Jacobs, 950 F.2d 89, 93-94 (2d Cir. 1991) (internal quotation marks and citation omitted). When it is possible that, through amendment, each action may contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored. See Hammett v. Warner Brothers Pictures, Inc., 176

4

F.2d 145, 150 (2d Cir. 1949); Gyadu v. Hartford Ins. Co., No. 3:96cv1755 (D. Conn. Apr. 21, 1997) (Squatrito, J.) (dismissing case under "prior pending action doctrine" where plaintiff could raise all causes of action by amended complaint in his first action), aff'd, 133 F.3d 907 (2d Cir. 1998).  In determining whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison of the pleadings filed in the two actions.  See Connecticut Fund for the Environment v. Contract Plating Co., 631 F. Supp. 1291, 1293 (D. Conn. 1986).

The court has compared the complaints in the two cases. Shakur has named the same defendants in both cases and includes the same operative facts.  The only difference is that he includes in this case an equal protection claim.  Although the discovery period has concluded in the prior action, adding an equal protection claim to that case would involve no additional facts.  Thus, the court can discern no obstacle to Shakur amending the complaint in the prior action to include an equal protection claim.

In opposition to the motion for summary judgment, Shakur contends that he only filed this action because correctional staff did not promptly give him the notice that the prior case had been reopened.  He appears to contend that he should be permitted to pursue both cases because it was not his "fault" that he filed the second case.  He provides no authority

supporting this position.  While Shakur's lack of information may support his initial filing of this action, it does not warrant continuation of both cases.  Because Shakur can amend his complaint in the prior case to include an equal protection claim, this case is dismissed under the prior pending action doctrine.

IV.  Conclusion

Defendants' motion for summary judgment [**doc. #26**] is **GRANTED**.  The Clerk is directed to enter judgment and close this case.

This is **not** a recommended ruling.  The parties have consented to the exercise of jurisdiction by a magistrate judge and the case was transferred to the undersigned on July 12, 2006, for all purposes including entry of judgment.  (See Doc. #29.)

**SO ORDERED.**

Entered this 12th day of October, 2006, at Bridgeport, Connecticut.

                                          /s/
                                  HOLLY B. FITZSIMMONS
                                  UNITED STATES MAGISTRATE JUDGE